RENDERED: AUGUST 8, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0975-MR

JERRY WARDRIP; JERRY
WARDRIP, AS ADMINISTRATOR OF
THE ESTATE OF ZACHARY
WARDRIP, IN THE STATE OF
INDIANA; LISA WARDRIP; AND
THE ESTATE OF ZACHARY
WARDRIP, DECEASED BY AND
THROUGH SAM STEGER,
ANCILLARY ADMINISTRATOR                              APPELLANTS


                        APPEAL FROM CALLOWAY CIRCUIT COURT
v.                      HONORABLE ANDREA L. MOORE, JUDGE
                        ACTION NO. 19-CI-00170


JACK PITT; ANDREW NOYES;
LAMBDA CHI ALPHA HOUSE
CORPORATION OF MURRAY
STATE UNIVERSITY; AND PI
KAPPA ALPHA HOUSE
CORPORATION OF EPSILON
LAMBDA CHAPTER                                       APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  A. JONES, L. JONES, AND KAREM, JUDGES.

KAREM, JUDGE:  The Appellants appeal from the Calloway Circuit Court's order granting Jack Pitt, Andrew Noyes, Lambda Chi Alpha House Corporation of Murray State University, and Pi Kappa Alpha House Corporation of Epsilon Lambda Chapter (collectively, the "Appellees") summary judgment in the Appellants' negligence claims against the Appellees.  Finding no error, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On the night of April 28, 2018, nineteen-year-old Zachary Wardrip ("Wardrip") traveled from his home in Indiana to visit a Murray State University student, Andrew Noyes ("Noyes").  Noyes and Jack Pitt ("Pitt") were members of the Lambda Chi Alpha ("Lambda Chi") fraternity.[1]  While in Murray, Wardrip attended a party at the Pi Kappa Alpha ("PKA") fraternity and consumed alcohol, which he either brought with him or acquired upon arrival.  The PKA fraternity house is owned by Appellee PKA House Corporation of Epsilon Lambda Chapter ("PKA Corp") and leased to the PKA chapter at Murray.

---

[1] We will refer to Noyes and Pitt collectively as the "Individual Appellees."

Because of his intoxication level, Noyes, Pitt, and Callie Carder ("Carder")[2] subsequently walked Wardrip from the PKA house to an apartment in the Lambda Chi house.[3] They laid Wardrip on the couch on his side and placed a trash can in front of him in case he vomited. The parties testified that they stayed with Wardrip for approximately twenty (20) minutes. He was awake and responsive, did not slur his words, and exhibited no signs of alcohol poisoning. However, sometime on Sunday morning, Wardrip died of alcohol intoxication. Sleep apnea and obesity were listed as contributing factors in his autopsy.

Pitt and Noyes testified that they did not know where Wardrip had obtained the alcohol he consumed, and there is no evidence that anyone compelled Wardrip to consume the alcohol. Additionally, according to his autopsy, Wardrip suffered from a variety of underlying health conditions, including obstructive sleep apnea, an enlarged heart, and obesity.

Wardrip's parents filed a civil action against the Appellees alleging wrongful death. His parents also amended the complaint to allege loss of consortium claims as well as individual emotional injury claims. In an order

---

[2] Although initially named a party to the suit in the Appellants' complaint, Callie Carder was never properly served. Thus, she is not a party to the underlying action or the instant appeal.

[3] The Lambda Chi Alpha Housing Corporation of Murray State University ("Lambda Chi Corp") owned the house. We will refer to PKA Corp and Lambda Chi Corp collectively as the "Fraternity Housing Organizations."

entered on July 15, 2024, the circuit court granted summary judgment in favor of the Appellees. This appeal followed.

We will discuss further facts as they become relevant.

## ANALYSIS

### 1. Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Kentucky Rule of Civil Procedure ("CR") 56.03. Because summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue *de novo*. *Lewis v. B & R Corporation*, 56 S.W.3d 432, 436 (Ky. App. 2001) (footnote citations omitted). "If the summary judgment is sustainable on any basis, it must be affirmed." *Fischer v. Fischer*, 197 S.W.3d 98, 103 (Ky. 2006).

### 2. Discussion

As a preliminary matter, Appellee Noyes argues that we should dismiss this appeal because the Appellants' brief omits any meaningful analysis or citation to the record. "We regret having to address, yet again, an attorney's failure to comply with rules of appellate procedure." *French v. French*, 581 S.W.3d 45,

47 (Ky. App. 2019). Kentucky Rule of Appellate Procedure ("RAP") 32(A)(4) requires:

> [a]n argument conforming to the statement of points and authorities, with ample references to the specific location in the record and citations of authority pertinent to each issue of law and which shall contain at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner.

Importantly, the arguments outlined in the Appellants' brief are exclusively predicated on a citation to testimony allegedly offered by a Chase Hendrickson. However, the written transcript from Chase Hendrickson's discovery deposition was never filed with the circuit court nor included in the record on appeal. RAP 25(B) provides that this Court "shall not consider any claim or contention which is based upon a portion of the record below that has not been made part of the record before the appellate court."

The sanctions available to this Court under the Kentucky Rules of Appellate Procedure are as follows:

> [F]ailure of a party to substantially comply with the rules is ground for such action as the appellate court deems appropriate, which may include:
>
> (1) A deficiency notice or order directing a party to take specific action,
>
> (2) A show cause order,
>
> (3) Striking of filings, briefs, record or portions thereof,

(4) Imposition of fines on counsel for failing to comply with these rules of not more than $1,000,

(5) A dismissal of the appeal or denial of the motion for discretionary review, and

(6) Such further remedies as are specified in any applicable rule.

RAP 10(B). Accordingly, the Appellants' claims against the Appellees that are predicated upon citation to any purported testimony of Chase Hendrickson are stricken from the Appellants' brief in their entirety.

### A. The Individual Appellees

The sole argument that the Appellants advance on appeal regarding Pitt and Noyes is that they "voluntarily assumed responsibility for finding a place for [Wardrip] to sleep after the party." Under Kentucky law, a plaintiff must prove the following to establish a *prima facie* negligence claim: "(1) the defendant owed the [Appellants] a duty of care, (2) the defendant breached the standard by which his or her duty is measured, and (3) consequent injury." *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 88 (Ky. 2003) (citations omitted). If the plaintiff cannot prove the defendant owed the plaintiff a duty of care, then the defendant is entitled to judgment as a matter of law. *Id*. at 89 (citations omitted). The existence of a duty of care is a question of law for the court to determine. *Id*.

Kentucky law recognizes an affirmative duty of care where a voluntary undertaking is shown. *Grand Aerie Fraternal Order of Eagles v.*

-6-

*Carneyhan*, 169 S.W.3d 840, 847 (Ky. 2005). Importantly, however, the Kentucky Supreme Court in *Carneyhan* noted that "[a] threshold inquiry under this doctrine is whether the putative tortfeasor has actually and specifically undertaken to render the services allegedly performed without reasonable care." *Id*. (citations omitted). In other words, "[t]he scope of this [voluntary] undertaking defines and limits an actor's duty[.]" *Id*. (quoting *In re Temporomandibular Joint* [*TMJ*] *Implants Products Liability Litigation*, 113 F.3d 1484, 1493 (8th Cir. 1997)). Therefore, under a voluntary undertaking theory of liability, the duty of care to be imposed upon a defendant is limited to the extent of the undertaking. *Id*.

In this case, we do not believe that this doctrine is applicable. Solely for the sake of argument, if the Individual Appellees owed a duty to Wardrip to help him find a safe place to sleep, by fulfilling that duty they did not assume an additional duty to ensure his complete and total welfare for the duration of the night. Thus, any undertaking by the Individual Appellees ended when they found Wardrip a place to sleep. The Individual Appellees' actions in walking an intoxicated individual from one location to another did not amount to a voluntary undertaking to look after Wardrip's care and safety.

As no duty existed, the Individual Appellees are not liable for injuries Wardrip sustained after he left the party. Under these circumstances, the absence of a voluntary undertaking precludes any duty on the Individual Appellees' behalf.

Thus, we conclude that the trial court did not err in granting the Individual Appellees summary judgment.

## B. The Fraternity Housing Organizations

As to the Fraternity Housing Organizations, the Appellants argue on appeal that "Pi Kappa Alpha voluntarily assumed responsibility for limiting entrance to its fraternity party in accord with Murray State University rules." The Appellants go on to state that "[t]hose rules appear to have included guidance on checking ID's and handing out wrist bands to identify which people were old enough to drink and which were not." Not only do these statements entirely ignore the fact that the Appellants' suit is against PKA Corp, and not against the individual PKA Chapter, the Appellants fail to cite to any applicable Murray State University rules. Additionally, they fail to establish that the housing organizations had any presence at the party on the night in question, that the housing corporations were required to have any presence at chapter social events, that they furnished alcohol for the party, that they were aware of the party, or that they had any control over the chapter's day-to-day operations. *See Shaheen v. Yonts*, 394 F. App'x 224, 227-31 (6th Cir. 2010). The same is true for Lambda Chi Corp.

Moreover, Kentucky courts do not recognize a claim for social host liability, and other jurisdictions have extended such liability to fraternities only where the fraternity has furnished alcohol to a minor, substantially assisted in

furnishing alcohol to a minor, or required its members to attend events where underage drinking occurs. *Id.*

Finally, we decline to address any other matters not mentioned either in the Appellants' brief or their prehearing statement. *See Elwell v. Stone*, 799 S.W.2d 46, 48 (Ky. App. 1990) (the Court of Appeals will not review alleged errors which appellant's brief did not show, with reference to the record, were properly preserved for appeal); *Catron v. Citizens Union Bank*, 229 S.W.3d 54, 59 (Ky. App. 2006) (an unpreserved issue raised for the first time in a reply brief cannot be considered on appeal).

## CONCLUSION

For the foregoing reasons, we affirm the Calloway Circuit Court's order granting summary judgment in favor of the Appellees.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

David V. Oakes
Paducah, Kentucky

BRIEF FOR APPELLEE ANDREW
NOYES:

Philip M. Mize
Clarksville, Tennessee

BRIEF FOR APPELLEE JACK PITT:

Dennis J. Courtney
Murray, Kentucky

BRIEF FOR APPELLEE PI KAPPA
ALPHA HOUSE CORPORATION
OF EPSILON LAMBDA CHAPTER:

James R. Coltharp, Jr.
Paducah, Kentucky

BRIEF FOR APPELLEE LAMBDA
CHI ALPHA HOUSE
CORPORATION OF MURRAY
STATE UNIVERSITY:

Richard L. Walter
Paducah, Kentucky